## CORY BROS. & CO., Limited, v. UNITED STATES.

### No. 210.

Circuit Court of Appeals, Second Circuit.

Feb. 16, 1931.

Choate, Larocque & Mitchell, of New York City (Joseph Larocque, of New York City, of counsel), for appellant.

Robert E. Manley, Acting U. S. Atty., of New York City (William E. Collins, Sp. Asst. to U. S. Atty., of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

It is impossible to consider the order appealed from a final order. For aught that appears, the libelant may have amended its libel, and may, should the amended libel be dismissed, hereafter appeal from that order. A case may not be brought up in fragments (Collins v. Miller, 252 U. S. 364, 370, 40 S. Ct. 347, 64 L. Ed. 616), and this possibility of a later appeal from a dismissal of an amended libel emphasizes the lack of finality of the order now before us. It does not differ from an order sustaining a demurrer with leave to amend; another order of absolute dismissal after expiration of the time allowed for amendment is required to make a final disposition of the cause. Such orders are not appealable. Clark v. Kansas City, 172 U. S. 334, 19 S. Ct. 207, 43 L. Ed. 467; City and County of San Francisco v. McLaughlin, 9 F.(2d) 390 (C. C. A. 9); Western Electric Co. v. Pacent Reproducer Corp. (C. C. A.) 37 F.(2d) 14. As shown by these authorities and many others which might be cited, it is the duty of an appellate court to question its own jurisdiction, though the parties do not.

Accordingly, the appeal must be dismissed, and it is so ordered.