Henry M. JUNG et al., etc., Plaintiffs-
Appellants,

v.

K. & D. MINING CO., Inc., et al.,
Defendants-Appellees.

No. 12048.

United States Court of Appeals
Seventh Circuit.

July 26, 1957.

Rehearing Denied Aug. 20, 1957.

Zeamore A. Ader, Chicago, Ill., for appellant.

Floyd F. Shields, Chicago, Ill., and Samuel J. Wettrick, Seattle, Wash., for appellee.

Before DUFFY, Chief Judge, and LINDLEY, Circuit Judge.

LINDLEY, Circuit Judge.

On May 10, 1955 the district court granted defendants' motion to dismiss plaintiffs' amended complaint, based upon an alleged violation of the Securities Act of 1933, 15 U.S.C.A. §§ 77a–77aa, and the Securities Exchange Act of 1934, 15 U.S.C.A. §§ 78a–78jj, for failure to state a valid claim. Though the order dismissed the complaint, it provided that plaintiffs have 20 days within which to file an amended complaint.

On May 27, 1955, plaintiffs moved that the order dismissing the complaint be

vacated, and, in the alternative, that if the court should overrule plaintiffs' motion to vacate, the time for filing an amended complaint be extended for 20 days. On the same day, the court denied this motion to vacate, but granted plaintiffs 20 days within which to amend. No amendment was ever filed. Indeed, plaintiffs took no action whatever until March 25, 1957, some 22 months after entry of the order. On that date they filed a statement that they intended to stand on the amended complaint previously dismissed by the court. On the same day the court entered a second order dismissing the cause of action, from which plaintiffs appealed on April 16, 1957.

Defendants move to dismiss the appeal on the jurisdictional ground that notice of appeal from the final decision of the trial court had not been filed within the statutory time limit. They argue that the order dismissing the complaint with leave to amend entered May 27, 1955 became a "final decision" within the meaning of 28 U.S.C. § 1291 upon expiration of the time for filing the second amended complaint fixed by the court.

In considering what constitutes a "final" decision, it has frequently been stated that an order dismissing a complaint does not become final and appealable until the plaintiff expressly elects to stand on his complaint and final judgment is entered in the court. Crutcher v. Joyce, 10 Cir., 134 F.2d 809; Riverside Oil and Refining Co. v. Dudley, 8 Cir., 33 F.2d 749. But, in Stewart v. Lincoln-Douglas Hotel Corp., 7 Cir., 208 F.2d 379, this court retreated somewhat from rigid adherence to this doctrine. In that case, plaintiff appealed from an order dismissing his suit. Defendant moved to dismiss the appeal on the ground that the order of which complaint was made was of interlocutory character, urging that it lacked finality in that plaintiff had failed to elect expressly to stand on his amended complaint and, further, that no final judgment disposing of the cause of action had been entered.

This court, relying on its decision in Asher v. Ruppa, 7 Cir., 173 F.2d 10, 11, concluded that the order dismissing the amended complaint was "final" within the meaning of the statute, saying in 208 F.2d at page 381: "* * * it is clear that the District Court by its order dismissing the complaint intended to and did terminate the litigation; and that plaintiff by promptly taking this appeal elected to stand on the complaint." Thus, we conclude that there were two bases for the determination that the order was final, notwithstanding the absence of a formal judgment dismissing the cause of action, namely, the intent of the court and the action of the plaintiff.

In the case before us, there are two distinguishing characteristics not found in either of the Stewart or Asher cases. First, the court, in addition to granting the motion to dismiss, granted plaintiffs leave to file a second amended complaint within 20 days. It is clear that during the 20 day period, the order of May 27, 1955 was not appealable, as the allowance of leave to amend precluded finality. Oppenheimer v. F. J. Young & Co., 2 Cir., 144 F.2d 387; American Broadcasting Co. v. Wahl Co., 2 Cir., 121 F.2d 412; Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125; Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 37 F.2d 14. As the court in Western Electric Co. v. Pacent Reproducer Corp., supra, said at page 15: "Clearly the case remains pending in the District Court during the period within which amendment is permitted." However, this does not dispose of our issue, for we are still confronted with the task of determining whether the order of May 27, 1955 became final and appealable upon expiration of the time for making amendment. There is some authority for the proposition that another order is necessary after the time for amendment has passed in order to insure finality. See Cory Bros. & Co. v. United States, 2 Cir., 47 F.2d 607. On the other hand, there is at least an implication in the Western Electric Co. case that the order automatically becomes

final for the purpose of appeal upon expiration of the time for amendment.

Rather than follow rigid procedural formality, it is our duty to determine the intent of the court below, as suggested in our decisions in both the Stewart and Asher cases. In so doing, the circumstances surrounding the appeal must be taken into consideration. First it is necessary to remember that one of the policy considerations for the "final decision" rule is that of militating against piecemeal appeals. However, in the situation before us, where plaintiffs have failed to amend within the time granted and have taken no action for a period of almost 22 months, it can hardly be correctly urged that to dismiss the appeal will amount to obstruction of that policy. This is true, even in keeping in mind the policy of liberality of amendment prescribed by Fed.Rules Civ.Proc. Rule 15(a), 28 U. S.C.A., to the effect that leave to amend "shall be freely given when justice so requires", for, obviously, a reasonable time limit should always be imposed. United States v. Newbury Mfg. Co., 1 Cir., 123 F.2d 453; Kelly v. Delaware River Joint Commission, 3 Cir., 187 F. 2d 93. Paralleling the impropriety of piecemeal appeals, we have the policy of finality of litigation, which would be frustrated by plaintiffs herein, if, merely by their inactivity and in spite of it, they should be allowed to give new life to a dormant action.

True it is that, unlike the cases of Asher and Stewart, plaintiffs failed to appeal from the order of May 27, 1955 which affirmative conduct would have constituted an election by them to stand on the complaint. They pursued an opposite course, namely, refrained from taking any action whatever for an unreasonable period of time. It is rightly urged that by such inaction, they chose to treat the order of the court of May 27, 1955 as final and consequently should be estopped from later action which would have the effect of reviving it. It is properly suggested that the order of March 25, 1957 be declared void.

And, it is strongly and soundly urged, that the district court, by concluding that the amended complaint failed to state a cause of action, although granting leave to amend, intended nevertheless to terminate the litigation, if no amendment were filed within the time allowed. Consequently, as no amendment was filed within 20 days from the order of May 27, 1955, and no appeal from that order taken within 30 days, it is clear that this Court is without jurisdiction, and that the motion to dismiss must be granted. It is so ordered.