JUNG et al. *v.* K. & D. MINING CO., INC., et al.

No. 619.   Decided April 28, 1958.

*Zeamore A. Ader* for petitioners.

*Samuel J. Wettrick* and *Floyd F. Shields* for respondents.

PER CURIAM.

Petitioners seek our writ of certiorari to review the judgment of the Court of Appeals dismissing their appeal as untimely.

The facts are undisputed.   Petitioners brought this action to recover the purchase price of securities alleged

to have been worthless and fraudulently sold to them by respondents in violation of § 12 of the Securities Act of 1933, as amended (48 Stat. 84, 15 U. S. C. § 77*l*), and of § 10 (b) of the Securities Exchange Act of 1934, as amended (48 Stat. 891, 15 U. S. C. § 78j (b)). Respondents moved to dismiss petitioners' first amended complaint for failure to state a claim upon which relief could be granted. On May 10, 1955, the District Court sustained the motion, dismissed the complaint, and granted petitioners "twenty days from this date within which to file an amended complaint." On May 27, 1955, petitioners moved to vacate the order of May 10 dismissing the first amended complaint or, in the alternative, to extend the time to file an amended complaint. On that date (May 27, 1955) the Court overruled petitioners' motion to vacate the order of May 10, but granted leave to petitioners to file an amended complaint within 20 days from May 27, 1955. Petitioners did not file an amended complaint. On March 25, 1957, petitioners filed an instrument in the case by which they elected to stand on their first amended complaint. On that day (March 25, 1957) the Court ordered that "this cause of action be and it hereby is dismissed without costs." On April 16, 1957, petitioners filed notice of appeal "from final judgment entered in this action on March 25, 1957." Respondent moved in the Court of Appeals to dismiss the appeal as untimely. The Court of Appeals, holding that the order of May 27, 1955, became the District Court's final judgment in the case when petitioners failed to file an amended complaint within the 20 days thereby allowed for that purpose, sustained the motion and dismissed the appeal of April 16, 1957, as not taken within 30 days from the entry of the judgment. 246 F. 2d 281.

We think that the District Court's order of May 27, 1955, denying petitioners' motion to vacate the order of

May 10, 1955, but granting further leave to petitioners to amend their complaint, did not constitute the final judgment in the case. It did not direct "that all relief be denied" (Rule 58 of Federal Rules of Civil Procedure) but left the suit pending for further proceedings "either by amendment of the [complaint] or entry of a final judgment." *Missouri & Kansas Interurban R. Co.* v. *City of Olathe,* 222 U. S. 185, 186. The situation did "not differ from an order sustaining a demurrer with leave to amend; another order of absolute dismissal after expiration of the time allowed for amendment is required to make a final disposition of the cause." *Cory Bros. & Co., Ltd.,* v. *United States,* 47 F. 2d 607. Cf. *United States* v. *F. & M. Schaefer Brewing Co.,* 356 U. S. 227; *Clark* v. *Kansas City,* 172 U. S. 334; *Crutcher* v. *Joyce,* 134 F. 2d 809; *Western Electric Co.* v. *Pacent Reproducer Corp.,* 37 F. 2d 14, and *Riverside Oil & Rfg. Co.* v. *Dudley,* 33 F. 2d 749.

Although to be sure nearly two years elapsed between the time petitioners were given leave to file an amended complaint and their motion of March 25, 1957, the defendants also did not, as they so easily could have done, nor did the District Court exercising power *sua sponte* over its own calendar, take any step to put a definitive end to the case and thereby fix an unequivocal terminal date for appealability. The undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal.

It was the District Court's order of March 25, 1957, dismissing "this cause of action," that constituted the final judgment in the case. It directed "that all relief be denied" and required "the clerk [to] enter judgment" accordingly (Rule 58). The appeal of April 16, 1957, was taken within 30 days from the date of entry of the judg-

ment and hence was timely under 73 (a) of Federal Rules of Civil Procedure.

The writ of certiorari is granted and the judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*So ordered.*