**JOHANN MARIA FARINA GEGENU-BER DEM NEUMARKT, Appellant,**

v.

**ROGER & GALLET, Appellee.**

**No. 27185.**

United States Court of Appeals Second Circuit.

Argued Oct. 30, 1961.

Decided Nov. 15, 1961.

Edmund M. Squire, New York City, for appellant.

William A. Moore, of Choate, Reynolds, Huntington & Hollister, New York City, for appellee.

Before CLARK, FRIENDLY, and MARSHALL, Circuit Judges.

PER CURIAM.

In this trade-mark action defendant-appellee gave notice of an examination before trial of plaintiff's managing partner, Johann Maria Farina, of Cologne, Germany. Plaintiff moved to vacate on the ground of hardship; but the court denied the motion without opinion and ordered the complaint dismissed unless Farina were produced for examination here within 90 days.[1] Plaintiff did not comply, but filed notice of appeal just as the period set expired.[2] Defendant has moved to dismiss the appeal on the ground that the notice is untimely as not being filed within the 30 days from the entry of judgment allowed by F.R. 73(a). We grant the motion to dismiss on the ground that there is no final judgment from which an appeal can be taken; the notice is thus premature, rather than too late.

It is wholly clear under the authorities and in reason that the order was conditional and not final when entered. See, e. g., Jung v. K. &. D. Mining Co., 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806; Oppenheimer v. F. J. Young & Co., 2 Cir., 144 F.2d 387; Cory Bros. & Co. v. United States, 2 Cir., 47 F.2d 607; Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 37 F.2d 14; United States

---

1. The court's order, dated June 7, and filed June 14, 1961, provided, after certain recitals, that plaintiff's motion be "in all respects denied" and then continued:

"Ordered, that the complaint herein be and the same hereby is dismissed unless the said Johann Maria Farina be produced by plaintiff for examination by defendant's attorneys at Room 1800, 44 Wall Street, New York, New York within 90 days of the date hereof, upon reasonable notice to defendant's attorneys."

2. The plaintiff's appeal was taken on September 6, 1961, from the order "dated June 7, 1961, conditionally dismissing the complaint herein and which, by its own terms, became effective 90 days from the date thereof, viz. on September 6, 1961."

120

v. Associated Air Transport, Inc., 5 Cir., 256 F.2d 857, 861, and cases cited n. 6. Nor could the later nonfulfillment of the condition itself supply the lack, since the time for appeal dates only from the entry of a judgment, which to become effective must be noted in the civil docket. F.R. 58, 73(a). In the absence here of such judgment and notation there is nothing from which an appeal lies. This conclusion, implicit in the other cases cited, is made quite clear by Jung v. K. & D. Mining Co., supra, in the significant grounds taken for its reversal of Jung v. K. & D. Mining Co., 7 Cir., 246 F.2d 281, which had set forth views to the contrary.

In the Jung case, 356 U.S. 335, 337, 78 S.Ct. 764, 766, 2 L.Ed.2d 806, the Supreme Court speaks of "the hazards of confusion or misunderstanding as to the time for appeal" occasioned by such conditional orders. District judges may avoid these difficulties by explicitly stating in any such order when made that a judgment of dismissal *will be* entered upon nonperformance of the stated condition.

Appeal dismissed.