**Thomas R. RICHARDS et al., Plaintiffs, Appellants,**

**v.**

**Raymond J. DUNNE, Defendant, Appellee.**

**No. 6180.**

United States Court of Appeals First Circuit.

Dec. 3, 1963.

**156**

F. Lee Bailey, Boston, Mass., for appellants.

John C. Eldridge, Atty., Dept. of Justice, Washington, D. C., with whom John W. Douglas, Asst. Atty. Gen., Washington, D. C., W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., and Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

The court below on June 4, 1963, entered an order granting the defendant's motion to dismiss " * * * with leave to the plaintiff to amend within twenty days (20) stating the claim attempted to be set forth in paragraph 6 of the present Complaint." Twenty-two days later on June 26, 1963, the plaintiffs filed notice of appeal "from so much of the Order of June 4, 1963, as dismisses" the plaintiffs' complaint for a different cause of action from that attempted to be asserted in paragraph 6.

■■ The appeal must be dismissed as untimely. There has been no compliance with the requirements for interlocutory appeal under either Title 28 U.S.C. § 1292(b) or under Rule 54(b) of the Federal Rules of Civil Procedure.

We therefore need not and do not consider whether either provision might be available. And the decision of the court below is not final for, "[A]nother order of absolute dismissal after expiration of the time allowed for amendment is required to make a final disposition of the cause." Cory Bros. & Co., Ltd., v. United States, 47 F.2d 607 (C.A.2, 1931), quoted with approval in Jung v. K & D Mining Co., 356 U.S. 335, 337, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958).

In this court appellant sought orally to waive his separate paragraph 6 claim (although he had maintained otherwise in his brief). We cannot obtain jurisdiction by any such patchwork procedure.

An order will be entered dismissing the appeal for lack of appellate jurisdiction.