Iordanis ANASTASIADIS, Appellant,

v.

S.S. LITTLE JOHN, Appellee.

No. 21395.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1964.

Rehearing Denied Jan. 4, 1965.

---

Sidney Ravkind, Houston, Tex., for appellant.

William C. Bullard, Houston, Tex., for appellee, Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel.

Before WISDOM and GEWIN, Circuit Judges, and HANNAY, District Judge.

GEWIN, Circuit Judge:

 This appeal in admiralty was prosecuted from an order of the District Court which in pertinent part reads:

"It is therefore Ordered, Adjudged and Decreed by the Court that this action will be stayed one hundred and twenty days from January 27, 1964, in order to give libellant the opportunity to institute an action in a forum having jurisdiction, *whereupon this court will enter its order declining jurisdiction and dismissing this cause without prejudice.*

"Signed and entered this *21* day of February, 1964." (Emphasis added)

Despite the compelling arguments of both parties, we hold that the decree appealed from is not a final decision of the lower court within the meaning of that term as used in 28 U.S.C.A. § 1291.[1]

---

1. § 1291. Final decision of district courts. "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the Dis- Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. As amended Oct. 31, 1951, c. 655, § 48, 65 Stat. 726; July 7, 1958, Pub.L. 85–508, § 12(e), 72 Stat. 348."

The major substantive issue presented which was most zealously argued by both parties relates to the question of the jurisdiction of the trial court. Neither party noticed the issue of the finality of the judgment from which this appeal is attempted. Subsequent to oral argument on the merits, we had serious doubt as to the appealability of the District Court's decree and requested proctors for both parties to submit supplemental briefs on the issue of the finality of the decree. It is suggested by both parties that the finality of the decree be conceded and that our jurisdiction over the appeal be conferred by mutual agreement. While we are seldom disposed to dismiss an appeal on purely technical grounds, it is nevertheless our duty to notice jurisdictional defects sua sponte, and where, as here, there is no statutory authority upon which to base appellate jurisdiction, no amount of mutual consent can create jurisdiction where none has previously existed. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939); American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

Appellant insists that the decree is "final" and appealable and relies upon United States v. The Three Friends, 166 U.S. 1, 17 S.Ct. 495, 41 L.Ed. 897 (1896); and Benedict on Admiralty (6th ed. 1940) Vol. 4, § 552, pp. 12–13.[2] Recent cases have dealt with the subject of "finality" and have laid down guidelines to be used in determining the meaning of the term "final decisions" as used in the statute. There is no general admiralty rule relating to the form of the decree. In order for a decree to be final, it must necessarily dispose of the entire controversy and leave nothing further for the court to do in the cause. If it appears from the decree that something still remains to be done by the trial court, before all the rights of the parties are fixed, the decree is not final, irrespective of how extensively it disposes of the merits of the case. The early case of Beebe v. Russell, 19 How. 283, 15 L.Ed. 668 (1857) succinctly stated the rule as follows:

> "When a decree finally decides and disposes of the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree."

The foregoing principle has been followed by this Court in various types of cases. Dade County, Fla. v. United States, 142 F.2d 230 (5 Cir. 1944); United States Sugar Corp. v. Atlantic C. L. R. Co., 196 F.2d 1015, 1016 (5 Cir.

---

2. The decision in The Three Friends has not been subsequently cited by the courts as authority for the position taken by appellant, nor do we consider it binding authority in the circumstances of this case. The order there involved provided:

> "It is ordered that the libellant have permission to amend said libel, and in event said libel is not so amended within ten days *the same stand dismissed* and the bond herein filed be cancelled." (Emphasis added)

With respect to the order, the court concluded:

> "It is objected that the decree was not final, but inasmuch as the libel was ordered to stand dismissed if not amended within ten days, the prosecution of the appeal within that time was *an election to waive the right to amend the decree of dismissal took*

*effect immediately.*" (Emphasis added)

The citation from Benedict is inapposite. That section deals with the vestigial formality of the petition for appeal. In our view the applicable rule is stated by Benedict (6th ed. 1940) Vol. 3, § 411, p. 125 as follows:

> "* * * It is final when it disposes of the whole controversy, and leaves nothing further for the court to do in the cause, as when the libel is dismissed with costs or without costs, or there is a decree for a sum certain, with or without costs. But when by the decree something still remains to be done by the court, before all the rights of the parties in the premises are fixed and the recovering party has an order for execution, then the decree is interlocutory, however much it may dispose of the merits of the cause. * * *"

1952); Lucy v. Board of Trustees of University of Alabama, 213 F.2d 846 (5 Cir. 1954); and United States v. Associated Air Transport, Inc.; 256 F.2d 857, 861 (5 Cir. 1958).[3] Such is the general rule. The Palmyra, 23 U.S. (10 Wheat.) 502, 6 L.Ed. 376 (1825); Chace v. Vasquez, 24 U.S. (11 Wheat.) 429, 6 L.Ed. 511 (1826); Mordecai v. Lindsay, 60 U.S. (19 How.) 199, 15 L.Ed. 624 (1856); Jung v. K & D Mining Co., 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958); Western Electric Co., Inc. v. Pacent Reproducer Corp., 37 F.2d 14 (2 Cir. 1930); Richards v. Dunne, 325 F.2d 155 (1 Cir. 1963).

In Jung and in Richards both the Supreme Court and the Court of Appeals of the First Circuit concluded that an order by the District Court granting defendant's motion to dismiss with leave to amend was not a final appealable order in the absence of an order of absolute dismissal after expiration of the time for amendment.[4] In Jung, the court concluded as follows:

" * * * It did not direct 'that all relief be denied' (Rule 58 of Federal Rules of Civil Procedure, 28 U.S.C.A.) but left the suit pending for further proceedings 'either by amendment of the [complaint] or entry of final judgment.' "[5]

Since the decree appealed from in the instant case is conditional and dependent upon certain contingencies, we conclude that it is not a final decree for the purpose of appellate review as contemplated by 28 U.S.C.A. § 1291. The appeal is dismissed for lack of appellate jurisdiction.

3. In Associated Air Transport, Inc. the court quoted with approval the following statement of the rule:
"* * * no appeal lies from an order or decree which is conditional only and the finality of which depends upon certain contingencies which may or may not occur, such as an order granting relief upon the party's performing certain specified acts or complying with specified conditions."

4. In Richards the order of the trial court is described as follows:
"The court below on June 4, 1963, entered an order granting the defendant's motion to dismiss '* * * with leave to the plaintiff to amend within twenty days (20) stating the claim attempted to be set forth in paragraph 6 of the present Complaint.' Twenty-two days later on June 26, 1963, the plaintiffs filed notice of appeal 'from so much of the Order of June 4, 1963, as dismisses' the plaintiffs' complaint for a different cause of action from that attempted to be asserted in paragraph 6."
The following conclusion was reached:
"The appeal must be dismissed as untimely. * * *"

5. As to the possible delay, the court commented as follows in Jung:
"Although to be sure nearly two years elapsed between the time petitioners were given leave to file an amended complaint and their motion of March 25, 1957, the defendants also did not, as they so easily could have done, nor did the District Court exercising power sua sponte over its own calendar, take any step to put a definitive end to the case and thereby fix an unequivocal terminal date for appealability. The undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal."

* * * * *
" * * * the decision of the court below is not final for. '[A]nother order of absolute dismissal after expiration of the time allowed for amendment is required to make a final disposition of the cause.' Cory Bros. & Co., Ltd., v. United States, 47 F.2d 607 (C.A.2, 1931), quoted with approval in Jung v. K & D Mining Co., 356 U.S. 335, 337, 78 S.Ct. 764, 2 L.Ed.2d 806, (1958)."