James A. BUFFLER and Electronic Institute of Knoxville, Inc.

v.

ELECTRONIC COMPUTER PROGRAMMING INSTITUTE, INC., et al.

Civ. A. No. 7655.

United States District Court,
E. D. Tennessee, N. D.

March 22, 1972.

Robert G. McDowell, Baker, Worthington, Crossley & Stansberry, Knoxville, Tenn., for plaintiffs.

Claude Robertson, Fowler, Rowntree, Fowler & Robertson, Knoxville, Tenn., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendants have moved for an order staying proceedings concerning Counts

II and III of the complaint pending action on an appeal from "judgments and orders of this Court" pursuant to Rule 8, Federal Rules of Appellate Procedure. The ground assigned for this motion is that "defendants are presenting in their appeal the entire question of whether or not all issues raised in Counts II and III of plaintiffs' complaint should be separated from the antitrust issues in Count I and the former allowed to go to arbitration . . ." The motion is supported by an affidavit of defendants' counsel and a copy of his brief submitted to the Court of Appeals, 466 F.2d 694 (6 Cir.), in the appeal of our order issuing a preliminary injunction enjoining arbitration proceedings pending a trial on the merits.

The affidavit states that defendants' Notice of Appeal encompassed (1) the order issuing a preliminary injunction pursuant to the opinion of November 24, 1971, dictated from the bench following the hearing on the motion; (2) the order entered November 23, 1971, "which broadens and expands the preliminary injunction;" and (3) the order denying defendants' petition to rehear:

" . . all of which orders and opinions taken together constitute a "final decision" as to defendants' right to arbitration within the meaning of 28 U.S.C., Section 1292, and over which the . . . Court of Appeals . . has jurisdiction pursuant to 28 U.S.C. Section 1292(a)(1)."

The affidavit further states that if defendants are required to answer Counts II and III, which charge breach of contract, fraud, and unjust enrichment,

" . . . before it is finally adjudicated as to the arbitrability of the issues raised by these two counts, the undersigned will be forced to make said claim of defendants against plaintiffs in this action under the compulsory counterclaim rule . . . which amounts to a procedurally forced waiver of the very right which is now pending appeal."

He ends by asking our "most thoughtful consideration of this motion, because [he] sincerely believes that the law requires the issues in Counts II and III to be arbitrated."

At counsel's request, and because of erroneous statements of law and fact, we are giving extended consideration to the motion.

Counsel's contention that our order of November 23, 1971, "broadens and expands the preliminary injunction" is erroneous. That order is totally unrelated to the injunction. It is a standard order which this Court has used in the past and which grew out of judicial seminars in protracted cases for establishing procedures to expedite complex and protracted cases. It is particularly applicable to anti-trust cases such as the instant one. It is purely interlocutory and is not appealable under 28 U.S.C. § 1292(a)(1) or § 1291.

Characterization of our orders and opinions in this case as a final decision is likewise erroneous as we have made no final decision concerning the merits of the case. Our opinion rendered from the bench specifically states that nothing we said during the hearing implies that the Court holds any views on the merits of the case. Obviously, the question of arbitrability of contractual disputes goes to the merits. This is the reason we declined to decide the motion to dismiss Counts II and III until evidence is heard on the merits. "A 'final decision' . . ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); see also Jung v. K & D Mining Co., 356 U.S. 335, 336–337, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958).

"The effect of [28 USC 1291] is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there

may be no intrusion by appeal." Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546–547, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1948).

The sole question on appeal as we view the situation is whether this Court abused its discretion in issuing the preliminary injunction. 28 U.S.C. § 1292 (a)(1). As the United States Supreme Court said: "On appeal from the granting or refusal of an interlocutory injunction our inquiry is limited to the question whether the court abused its discretion." United States v. Corrick, 298 U. S. 435, 437–438, 56 S.Ct. 829, 830, 80 L. Ed. 1263 (1936); see also, Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 317, 60 S.Ct. 517, 84 L.Ed. 774 (1940). "The correct general doctrine is that whether a preliminary injunction shall be awarded rests in sound discretion of the trial court. Upon appeal, an order granting or denying such an injunction will not be disturbed unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion." Meccanno Ltd. v. John Wanamaker, 253 U.S. 136, 141, 40 S.Ct. 463, 465, 64 L.Ed. 822 (1919); accord: Doeskin Products v. United Paper Co., 195 F.2d 356, 358 (C.A.7, 1952).

 A preliminary injunction "serves as an equitable policing measure to prevent the parties from harming one another during the litigation; to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began." Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 742 (C.A.2, 1953); see also, *Doeskin Products,* supra. When only private interests are involved, the award of a preliminary injunction is a matter of sound judicial discretion in the exercise of which the court balances the conveniences of the parties and the possible injuries to them as they may be affected by the granting or withholding of it. Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944). Where the questions presented are grave, the injury to the moving party certain and irreparable if the application is denied and final judgment be in his favor, and the potential harm to the opposing party relatively insignificant, the injunction will usually be granted. Ohio Oil Co. v. Conway, 279 U.S. 813, 815, 49 S. Ct. 256, 73 L.Ed. 972 (1929); accord: Ross-Whitney Corp. v. Smith Kline & French Lab, 207 F.2d 190, 199 (C.A.9, 1953); *Hamilton Watch,* supra, 206 F.2d at 740; Sinclair Refining v. Midland Oil, 55 F.2d 42, 45 (C.A.4, 1932).

In this case plaintiff is a former franchisee of defendants who have instituted arbitration proceedings against him in New York City for an alleged debt in excess of $38,000.00. When plaintiff's counsel approached the Court for a restraining order concerning the arbitration proceeding, he stated, in response to the Court's inquiry, that plaintiff could not pay travel expenses to New York for counsel to represent him before the arbitration board. Defendants have not seriously controverted the fact of plaintiff's financial stress. It is evident that if defendants proceed to collect this alleged debt, plaintiff will be effectively denied the opportunity to prosecute his anti-trust claims. The fact that he is pursuing his discovery by interrogatory rather than deposition underscores this view. A casual reading of the contract between the parties raises some serious questions relating to anti-trust law.

██ The second issue raised by defendants in the appeal is whether a federal district court can enjoin arbitration proceedings "and assume jurisdiction over common law breach of contract, fraud and unjust enrichment issues arising out of or concerning the agreement, thereby depriving ECPI of its substantive right to arbitration . . . ." Defendants' concede that the anti-trust issues of the complaint are not arbitrable, but contend that this court had an absolute duty to sever the anti-trust issues from the common law issues and allow the latter to go to arbitration. We do not agree. Apart from the fact that no decision has been made concerning the arbitrability of the common law issues, it would appear that the Court has pen-

dent jurisdiction over these counts. See Mine Workers v. Gibbs, 383 U.S. 715, 722–729, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. Since the denial of defendants' motion to dismiss Counts II and III was without prejudice to renew, their rights have been preserved, and no final decision has been made on the issue of arbitrability.

The third issue defendants raise on appeal is whether a preliminary injunction is invalid where no security is required. That issue is not relevant to this case since a preliminary injunction bond was filed with the Clerk on December 20, 1971. The bond was made on December 15, 1971 with Aetna Casualty and Surety Company as the surety.

Since the motion is without merit, it is accordingly ordered that the motion be, and the same hereby is, denied.