**ASSOCIATES FINANCE, INC., Plaintiff,**

**v.**

**Francis AMANN, et al., Defendants.**

**No. 86 C 0054.**

United States District Court, N.D. Illinois, E.D.

Jan. 14, 1986.

Lawrence Friedman, Chicago, Ill., for plaintiff.

James T. McGee & Assoc., Round Lake, Ill., for defendants.

## MEMORANDUM ORDER

SHADUR, District Judge.

On November 27, 1985 Associates Finance, Inc. ("Associates") filed a notice of appeal to this District Court from the November 8, 1985 order (the "Order") issued by Bankruptcy Judge John Schwartz dismissing Associates' Complaint against Francis and Susan Amann ("Amanns"), but granting leave to amend. For the reasons briefly stated in this memorandum order, the appeal is dismissed sua sponte.

In conformity with the rule generally applicable to appellate proceedings, Bankruptcy Rule 8001(a) is limited to the allowance of appeals from "a final judgment, order, or decree of a bankruptcy judge ..." (see the underlying jurisdiction-conferring provision in 28 U.S.C. § 158(a)). Under 28 U.S.C. § 158(a) this Court *may* also hear interlocutory appeals from the bankruptcy court, but such review is purely discretionary; see *In re Boomgarden*, 780 F.2d 657, 659 (7th Cir.1985).

In this instance, Judge Schwartz specifically limited the Order to dismissal of the *Complaint* filed by Associates, simultaneously granting leave to file an Amended Complaint within 30 days and setting a later status date on that anticipated Amended Complaint. Instead of following that course, however, Associates took the current appeal while the 30 days were still running.

Conventional wisdom teaches an order dismissing a complaint with leave to amend, rather than dismissing the entire action, is *not* a "final order." *Jung v. K. & D. Mining Co.*, 356 U.S. 335, 336–37, 78 S.Ct. 764, 765–66, 2 L.Ed.2d 806 (1958) (per curiam); *Grantham v. McGraw-Edison Co.*, 444 F.2d 210, 212 (7th Cir.1971). That situation (the one present here) is to be contrasted with an order that dismisses a complaint and is silent as to whether amendment is permissible, a circumstance as to which our Court of Appeals differs from a number of others by treating the taking of an appeal as an election to stand on the initial complaint. See, e.g., *Natta v. Zletz*, 379 F.2d 615, 618 (7th Cir.1967); and cf. *Cohen v. Illinois Institute of Technology*, 581 F.2d 658, 662 (7th Cir.1978), *cert. denied*, 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979).

Thus Associates' attempted appeal from what the law treats as a non-final order is ineffective. Nor will this Court exercise its discretion to rule on the sufficiency of the Complaint as a purely interlocutory matter, giving Associates an opportunity to cure any flaws determined by this Court. That would run counter to the jurisprudential reasons that disfavor piecemeal appeals. If Associates does not view its Complaint as its best—and final—shot at stating a claim against Amanns, the *place* to tender that best shot is in the Bankruptcy Court and the *time* to do so is now.

Accordingly this appeal is dismissed. By definition, of course, the dismissal is without prejudice to a future appeal from a final order of the Bankruptcy Court—but in that respect Associates must recognize that if it loses on such an appeal, claim preclusion will apply and there will be no opportunity for Associates to go back to the drawing board.