Frank BRILL, Plaintiff–Appellant,

v.

McDONALD'S CORPORATION, Defendant–Appellee.

No. 93–3837.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1994.

Decided June 29, 1994.

Steven M. Levin (argued) and Jordan M. Cramer, Levin & Perconti, Chicago, IL, for plaintiff-appellant.

Ronald Wilder (argued) and Terry J. Smith, Schiff, Hardin & Waite, Chicago, IL, for defendant-appellee.

Before FAIRCHILD and EASTERBROOK, Circuit Judges.[*]

EASTERBROOK, Circuit Judge.

Frank Brill believes that McDonald's Corporation sacked him from his position as a project manager for beverage dispensing equipment because of age; McDonald's contends that Brill is incompetent and was released because he made costly mistakes. Brill filed suit in 1989, and by 1993 the case was still in discovery. Brill changed attorneys frequently, and in March 1993 the lawyer then representing him was disbarred. At a series of status conferences Brill ap-

---

[*] Circuit Judge CUMMINGS recused himself after oral argument and did not participate in the decision of this case. The case is being decided by a quorum of the panel. 28 U.S.C. § 46(d).

peared without counsel, each time promising to hire a lawyer before the next. When Brill missed one status conference altogether, the district judge's patience ran out. He dismissed the case, albeit with leave to reinstate. The parties have since been locked in controversy about the terms of reinstatement.

McDonald's contended that the district court should require Brill to show that the case has merit. The district judge remarked that, so far, he had yet to see "a scintilla of evidence" suggesting that Brill's age played a role in the discharge. Nonetheless, the judge told Brill that he could resume litigating if he paid the attorneys' fees and expenses McDonald's had incurred in opposing the motion to reinstate. Brill refused, and on this appeal he challenges the district court's authority to condition reinstatement on the payment of *post-dismissal expenses* (rather than, say, the cost to McDonald's of the status conference he skipped).

Do we have jurisdiction to entertain the appeal? Brill missed a status hearing on July 16, 1993, and the court entered a minute order and docket entry dismissing the case with leave to reinstate by August 10. Brill filed on July 29 a motion to reinstate, and on September 14 the district court allowed Brill to reinstate his case by paying defendant's fees. On October 15 Brill filed a "motion to reconsider," vowing not to pay one red cent and asking the district court to reactivate the case unconditionally. The district court denied this motion on October 21, and Brill filed his notice of appeal on November 16. McDonald's contends that the final decision of the district court was the order of July 16 dismissing with leave to reinstate, or conceivably the order of September 14 setting terms for reinstatement. As Brill did not file an appeal within 30 days (or seek reconsideration within 10 days) of either order, the appeal on November 16 is untimely, McDonald's concludes.

■ The order of July 16 was not appealable, because the reinstatement option made the order a dismissal without prejudice. *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304–06 (7th Cir.1988). By the time August 10 arrived, Brill had asked the court to rein-

state, so the close of the reinstatement window could not be thought to make the dismissal final. (Whether the lapse of time has this effect is a question before the court en banc in *Otis v. Chicago*, No. 92–1342, argued June 10, 1994. We also bypass the question whether Brill needed to seek the court's leave to reinstate before August 10, given the lack of conditions in the order of July 16. See *Adams v. Lever Bros. Co.*, 874 F.2d 393, 395–96 (7th Cir.1989). Brill did seek leave, and the conditions arose out of later deliberations.) The order of September 14 says only that the motion to reinstate is "taken under advisement for the reasons stated in open court." Not until October did the court enter a Rule 58 judgment ending the case. The judgment of October 21 (docketed on October 26) reads: "[P]laintiff's motion for reconsideration is denied. This case is dismissed with prejudice." Every earlier order was tentative in some respect, giving Brill an option to continue. Not until October 26 was the window slammed shut, and Brill appealed within 30 days.

■ *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), holds that a party who waits for the separate judgment under Rule 58 always is entitled to appeal. Accord, *Jung v. K. & D. Mining Co.*, 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958). Even if we were to conclude that some earlier order in the sequence could have been appealed under the approach of *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), and *Shalala v. Schaefer*, —— U.S. ——, ——, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), the eventual judgment under Rule 58 would not become less open to appellate review.

■ *Mallis, Schaefer, Indrelunas*, and *Jung* collectively protect the opportunity to appeal. If the loser appeals at once from a decision that as a practical matter ends the case, the appeal proceeds without a pointless remand; if he waits until the formal judgment, he is secure against forfeiture. *Mallis* emphasized this element of *Indrelunas*. 435 U.S. at 386, 98 S.Ct. at 1120–21. Whether a court of appeals believes, with illumination of hindsight, that at some point preceding the

Rule 58 judgment the case "really" ended is irrelevant. See, e.g., *Stelpflug v. Federal Land Bank of St. Paul,* 790 F.2d 47 (7th Cir.1986); *In re Kilgus,* 811 F.2d 1112 (7th Cir.1987). "A party safely may defer the appeal until Judgment Day if that is how long it takes to enter the document." *Kilgus,* 811 F.2d at 1117. In our case the Rule 58 judgment was entered on October 26, 1993. Brill's appeal, within 30 days, was timely. Because our jurisdiction is so plain, we will not allow McDonald's to recover the costs it incurred in filing a 452–page supplemental appendix on this topic.

When requiring Brill to pay attorneys' fees as a condition of reinstatement, the district court remarked:

> Actually I thought Brill was dilatory in handling this case and it wasn't just the one status. It was several others. And the truth is, as I've tried to suggest politely and as I'm now going to say explicitly, I don't think he's got a case. I think it's quite clear on the papers before me that there is no case. And the only—one of the reasons, not the only reason, that I imposed the condition that he pay the fee—pay their fees in order to proceed with the case is because it seemed to me that, I guess, another test of his own opinion of the merits of his case would be whether he was willing to finance its ongoing nature. The truth of the matter is I don't think if I were you I would rely too heavily on the proposition that I thought on the merits that there was a case there that ought to be reconsidered.

> I have looked at these papers again because of the nature of what's been filed, and frankly if I committed any error in this case, it was the error of allowing you to proceed with the case upon payment of the fees. I frankly should not have allowed you to proceed under any circumstances at all.

These comments show that, if we were to accept Brill's argument that the district court should have imposed a condition other than reimbursing defendant for the expenses it incurred in opposing the motion to reinstate, the district court would order the case dismissed without any possibility of reinstatement. We therefore bypass all arguments about the precise specification of the conditions of reinstatement. Defendant is entitled to defend its judgment on any argument properly preserved in the district court. *Massachusetts Mutual Life Insurance Co. v. Ludwig,* 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976); *Jordan v. Duff & Phelps, Inc.,* 815 F.2d 429, 439 (7th Cir.1987). One such argument is that Brill's failure to show that his case has merit barred reinstatement. That argument is not only preserved but also compelling.

Brill does not contest the dismissal of his case. He argues only that it should have been reinstated. When deciding whether to reinstate a properly dismissed case, district judges may (and should) consider whether the claim has potential merit. *Beshear v. Weinzapfel,* 474 F.2d 127, 132–33 (7th Cir.1973); see also *Ball v. Chicago,* 2 F.3d 752, 759 (7th Cir.1993). McDonald's submitted evidence showing that plaintiff was fired for incompetence. Challenged to show that age played a role in the discharge, Brill's lawyer replied: "he has a strong and meritorious case and ... the relevant Federal Rules of Civil Procedure do not require him to make any showing of merit." True to his belief, Brill offered the district court no reason at all to suppose that age accounts for his discharge and that the employer's stated reason is pretextual. See *St. Mary's Honor Center v. Hicks,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Hazen Paper Co. v. Biggins,* —— U.S. ——, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993); *Anderson v. Baxter Healthcare Corp.,* 13 F.3d 1120 (7th Cir. 1994). The district judge summed up: "[I]t's quite clear on the papers before me that there is no case." Under the circumstances, reinstatement was out of the question—and, as the district court belatedly recognized, the offer of conditional reinstatement leaned too far in Brill's favor. This suit was properly dismissed.

AFFIRMED.