41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank BALCAR, Plaintiff-Appellant,
v.
LINCOLN NATIONAL BANK & TRUST COMPANY, Defendant-Appellee.
 No. 93-2650.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.*
Decided Nov. 15, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 This case has been here before. In 1988 the parties told the judge that they had settled, and he dismissed the suit with prejudice. In 1989, after holding an evidentiary hearing, he concluded that the case had indeed been settled, and that plaintiff Frank Balcar's testimony that his lawyer lacked the authority to settle the case was not credible. The judge found that Balcar had authorized the settlement but had changed his mind. The judge renewed his decision dismissing the case with prejudice. Balcar appealed--too late, we held, dismissing the appeal for want of jurisdiction. No. 91-3042 (7th Cir. Dec. 28, 1992).
 
 
 2
 But the case will not die. Balcar's former lawyer asked the district judge to honor an attorney's lien placed on the settlement proceeds, which defendants had tendered into the registry of the court. Eventually the attorney commenced a new suit, in Nevada, seeking payment for his services. The district court transmitted an amount equal to the attorney's claim to the court in Nevada, while holding the remainder for Balcar, who, stubbornly insisting that there is no settlement, has refused to claim it. Balcar has appealed from the order transferring funds to Nevada. He seeks to relitigate the question whether the case was settled in 1988. That question, however, was resolved adversely to him long ago, and we dismissed his direct appeal. Post-judgment orders in a case do not reactive a litigant's opportunity to contest the merits.
 
 
 3
 Even if we had jurisdiction--perhaps on the theory that until recently the district court did not enter a proper Rule 58 judgment, restarting the time to appeal, see United States v. Indrelunas, 411 U.S. 216 (1973); Jung v. K. & D. Mining Co., 356 U.S. 335 (1958)--Balcar could not prevail. The district court dismissed the suit after concluding that Balcar had authorized the settlement. A credibility determination after an adversary hearing is all but immune from appellate review. Anderson v. Bessemer City, 470 U.S. 564 (1985). Balcar did not help his cause by walking out in the middle of the hearing, and thus avoiding cross-examination. The district court sensibly drew an adverse inference.
 
 
 4
 The district court has sanctioned Balcar for his intransigence, allowing the defendant to pay its attorney's fees from the unclaimed fund. Balcar should take what remains of the fund while it has a positive balance.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. After considering that statement, we have decided that the case properly may be resolved on the briefs and record