NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**PING YIP,**

*Plaintiff-Appellant,*

v.

**HUGS TO GO LLC AND AUDREY L. STORCH,**

*Defendants-Appellees,*

AND

**JAAM, LLC,**

*Defendant-Appellee.*

---

2010-1112

---

Appeal from the United States District Court for the District of New Jersey in Case No. 08-CV-4746, Judge Katharine S. Hayden.

---

Decided: May 28, 2010

---

PING YIP, of Saddle River, New Jersey, pro se.

MICHAEL J. BROWN, Michael J. Brown Law Office LLC, of Livingston, New Jersey, for defendants-appellees.

---

Before NEWMAN, RADER AND PROST, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

The United States District Court for the District of New Jersey dismissed the complaint, filed by Ms. Ping Yip, on the ground that she failed to meet the standard pleading requirements as to defendant Hugs to Go LLC, as discussed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and also that she improperly named Audrey L. Storch and JAAM, LLC as defendants in violation of prior court orders and on grounds of *res judicata.* We *affirm* the dismissal, as to all defendants. The defendants' motion for sanctions is *denied.*

## BACKGROUND

Ms. Yip and her company, Wai Yip International, have filed several suits against the defendant Storch and Storch's company JAAM and its successor Hugs to Go. Hugs to Go was formed when JAAM declared bankruptcy. In the present action the complaint charges that Storch and Hugs to Go infringed Yip's U.S. Patent No. 6,641,170 and U.S. Copyrights No. TXu 1-123-585 and No. TXu 1-059-189. The charges are based on the defendants' sales of children's sound-based books that are nearly identical to Yip's patented and copyrighted books entitled "Old MacDonald's Farm" and "ABC." The defendants moved to dismiss on the ground that prior suits filed by Yip barred the present action based on *res judicata* and issue preclusion.

As to defendant Storch, the district court found that "the claims lodged against defendant Storch are no different from the claims plaintiff or her company sought to lodge against defendant Storch and/or sought to pursue against defendant Storch's company, J[AAM], LLC, in Civ. No. 06-5032(KSH), Civ. No. 08-2370(SDW), and Bankruptcy No. 08-13514(DHS)." *Order*, Sept. 28, 2009;

*see Wai Yip Int'l Corp. v. JAAM, LLC*, No. 06-5032(KSH), 2007 WL 4200459 (D.N.J. Nov. 26, 2007); *JAAM, LLC*, Bankruptcy No. 08-13514(DHS) (D.N.J. 2009) (unpublished). The court held that all of the patent and copyright claims against Storch are barred on the ground of *res judicata*, and dismissed the complaint as to Storch.

As to defendant Hugs to Go, the district court ruled that the complaint "fails to show that Hugs to Go existed at the time of the acts about which plaintiff complains or that itself engaged in acts associated with the books that plaintiff contends are covered by the patent." The court also held that the complaint did not satisfy *Twombly*'s requirement that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 550 U.S. at 555 (quoting Rule 8(a), Fed. R. Civ. P.). The Court explained in *Twombly* that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Acknowledging Yip's *pro se* status, the district court granted leave to amend the complaint so that she could set forth facts underlying her charges that Hugs to Go infringes her patent and copyrights. *Order*, Sept. 28, 2009.

Yip filed an amended complaint on October 8, 2009. Yip included claims against Storch, in contravention of the district court's dismissal of Storch. Yip also added JAAM to the complaint as a new defendant, despite the district court's statement that Yip's claims against JAAM were *res judicata*. As a result, the district court struck the amended complaint for failing to comply with the court's September 28 order. Because of her *pro se* status, the district court afforded Yip "one additional opportunity to file an Amended Complaint against Hugs to Go." The district court directed that the amended complaint shall be directed to "Hugs to Go only" and must "set[] forth the

facts that provide a basis to assert that it has violated the patent laws by selling the books covered by the patent and describe[] the proof upon which the plaintiff will rely to support this assertion," in accordance with *Twombly*. *Order*, Oct. 14, 2009.

On October 22, 2009, Yip filed a second amended complaint asserting claims against Hugs to Go, and including claims against Storch and JAAM, again contravening the district court's orders. The district court struck the second amended complaint, ruling that it did not comply with the court's earlier orders, failed to satisfy the *Twombly* pleading standard as against Hugs to Go, and was improper on *res judicata* grounds as to Storch and JAAM. *Order*, Oct. 29, 2009 (dismissing all claims). Yip filed a motion for reconsideration, arguing that the district court had improperly dismissed her claims against all three defendants. The district court denied the motion, stating, among other things, that Yip had not shown that the court had overlooked any facts or law, that no new evidence had been presented, and that a manifest injustice would not occur. This appeal followed.

DISCUSSION

I

The defendants question the timeliness of Yip's appeal, and thus challenge this court's jurisdiction. *See Bowles v. Russell*, 551 U.S. 205 (2007) (timely filing of notice of appeal is a jurisdictional requirement); *Sofarelli Associates, Inc. v. United States*, 716 F.2d 1395 (Fed. Cir. 1983) (appeal must be dismissed for lack of jurisdiction if notice of appeal is untimely). Yip filed the Notice of Appeal on November 20, 2009, appealing the district court's "order limiting claims against Hugs to Go LLC and precluding Plaintiff's claims against Defendant JAAM LLC and Ms. Storch." The defendants argue that the Notice was filed more than 30 days after the September

28, 2009 order, and well over a year after the dismissal of one of Yip's prior cases against Storch. However, Yip is not appealing any order or judgment from a prior case; she is appealing the dismissal of her complaint in the present action. The date of dismissal of Yip's prior lawsuits has no bearing on the timeliness of her appeal in this case. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed "with the district clerk within 30 days after the judgment or order appealed from is entered").

Of the several orders in the present case, all but the last order afforded Yip leave to amend her complaint. A dismissal with leave to amend is generally not an entry of final judgment under 28 U.S.C. §1295. *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000). In *Jung v. K. & D. Mining Co.*, 356 U.S. 335, 336-37 (1958), the Court explained:

> We think that the District Court's order of May 27, 1955, denying petitioners' motion to vacate the order of May 10, 1955, but granting further leave to petitioners to amend their complaint, did not constitute the final judgment in the case. It did not direct "that all relief be denied" (Rule 58 of Federal Rules of Civil Procedure, 28 U.S.C.A.) but left the suit pending for further proceedings "either by amendment of the (complaint) or entry of final judgment."

The district court's orders dismissing the complaints but granting leave to amend were not final judgments, and were not entered as final judgments. Only a final decision is appealable, meaning a decision that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

The district court's order of October 29, 2009, dismissing the complaint against all parties with no further leave to amend, was the final decision. Yip's appeal was timely filed within 30 days thereafter.

## II

Yip challenges the dismissal on grounds of *res judicata* against defendant Storch. Under the law of the applicable regional circuit, here the Third Circuit, the assertion of *res judicata* by a party to the prior proceeding is entitled to plenary review. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006). The party asserting the bar must show that there has been a final judgment on the merits in a prior suit involving the same parties and that the subsequent suit is based on the same cause of action. *United States v. Athlone Industries Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)).

The district court found that the claims now asserted are the same as the claims against Storch in *Yip v. Storch*, Civ. No. 08-2370, whose final judgment was the dismissal with prejudice of all claims against Storch, by order dated July 31, 2008. No appeal was taken from that final judgment. Accordingly, the district court correctly ruled that Yip is precluded from now reasserting the same claims against Storch.

## III

The district court also precluded Yip from pursuing claims against JAAM under the doctrine of collateral estoppel, whereby a litigant may be precluded from advancing a position upon "a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their

privies." *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990).

The prior suits against JAAM were based on the same infringement claims, but the plaintiff was Wai Yip International. The district court found that Yip and Yip's company, Wai Yip International, were privies. Privity includes relationships "(1) where the nonparty has succeeded to, or shares a concurrent right to the party's interest in, property; (2) where the nonparty controlled the prior litigation; and (3) where the party adequately represented the nonparties' interests in the prior proceeding." *Robertson v. Bartels*, 148 F. Supp. 2d 443 (D.N.J. 2001); *see Montana v. U.S.*, 440 U.S. 147, 154 (1979) ("[O]ne who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own . . . is as much bound . . . as he would be if he had been a party to the record.").

Yip actively participated in the litigation as the principal agent of her company, and Yip's interest in those actions was identical to those of her company. The district court held that Yip is bound by the prior judicial determinations against Wai Yip International, and that Yip is estopped from relitigating those claims against JAAM. No error has been shown in this ruling, and in the dismissal on this ground.

## IV

In addition, the district court's dismissal as to Storch and JAAM was based on Yip's failure to comply with the court's orders to remove these defendants from her complaint. Yip twice failed to comply with this directive, despite warnings from the court that her complaint would otherwise be dismissed.

Rule 41(b) of the Federal Rules of Civil Procedure states that a court may dismiss an action "[f]or failure of

the plaintiff . . . to comply with these rules or any order of court . . . ." Rule 41(b) dismissals are reviewed on the ground of abuse of discretion. *Claude E. Atkins Enterprises, Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). An exercise of discretion will not be disturbed on appeal "unless upon a weighing of relevant factors we are left with a definite and firm conviction that the court below committed a clear error of judgment." *Adkins v. United States*, 816 F.2d 1580, 1582 (Fed. Cir. 1987) (internal quotation marks omitted). Here, Yip was given two opportunities to comply with the district court's order and was warned of the consequences. We discern no abuse of the district court's discretion in striking Yip's amended complaint, as to Storch and JAAM, for failing to follow the court's orders.

V

The district court dismissed Yip's claims against Hugs to Go for failing to meet the pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Dismissal under Rule 8(a) is a procedural action not specific to patent law, and is reviewed in accordance with the procedural law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). The Third Circuit reviews de novo a dismissal for failure to comply with Rule 8(a)(2). *McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009).

In general, the pleadings of *pro se* litigants are held to a lesser standard than those drafted by lawyers, when determining whether a complaint should be dismissed for failure to meet the requirements of the statement of claim. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *see*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding a *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers").

The district court ruled that Yip's second amended compliant did not identify any specific, factual claim against Hugs to Go. Yip's second Amended Complaint (dated Oct. 22) attempted to incorporate by reference facts stated in and evidence appended to her first Amended Complaint (dated Oct. 8), which had been struck by the district court. It seems clear that Yip was trying to include materials from the earlier complaint in her amended pleading. These materials included:

- Printouts from the Hugs to Go website showing the alleged infringing products being sold after the bankruptcy proceeding had been initiated (Exhibit 2, Appellant's Informal Brief);
- Affidavits and emails from those who purchased the alleged infringing products from Ms. Storch after JAAM filed for bankruptcy (Exhibit 3, Appellant's Informal Brief); and
- An expert report by an attorney documenting the identical nature of the products and including a claim chart (Appendix to Brief for Plaintiff-Appellant).

The district court did not mention any of these materials, apparently deeming them absent since neither their contents nor significance were described in the first amended complaint and because the complaint had been struck. In her first amended complaint, Yip's only reference to the attached documents can be derived from the statement: "8. Hugs to Go LLC, the new company for Audrey L. Storch still continues to sell Plaintiff's books after JAAM, LLC bankruptcy (Evidence Submitted in

Case No 08-4746(KSH))" (where the "Evidence" is referring to the appended materials). In her second amended complaint, Yip does specifically reference a telephone transcript that was appended to the first amended complaint, but she does not explain its contents or significance.

The district court continued to find the complaints inadequate, for Yip did not describe, explain, or particularly reference facts in her pleadings, despite the guidance of the district court. In the second amended complaint Yip did not plead facts to establish that Hugs to Go existed at the time of the alleged acts or that Hugs to Go itself engaged in infringing acts. Yip was afforded several opportunities for correcting the deficiencies in the complaint. We agree with the district court that, as twice amended, Yip's complaint still did not meet the pleading requirements of Rule 8(a)(2) as explained in *Twombly*. Although we recognize the obstacles confronting a *pro se* litigant, we conclude that the district court's actions of dismissal were in accordance with law.

## CONCLUSION

The district court's dismissal of the complaint is affirmed. The defendants' motion for sanctions is denied. Each party shall bear its costs.

## **AFFIRMED**