# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-4074/07-1106

_____

Mary H. Waterson, Administratrix  *
of the Estate of Hellen Sue Nash,   *
               *
    Appellant,      *
               *  Appeals from the United States
  v.           *  District Court for the
               *  Eastern District of Arkansas.
Jeffrey A. Hall, M.D.,     *
               *
    Appellee.      *

_____

Submitted: September 24, 2007
Filed: February 11, 2008

_____

Before BYE, BENTON, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

Mary Waterson appeals the district court's order granting Dr. Jeffrey Hall's motion to stay the medical malpractice claim Waterson brought against him. The district court granted the stay on the grounds the claim had been discharged in Hall's bankruptcy proceeding. Because we conclude we have no final appealable order before us, we dismiss for lack of appellate jurisdiction.

I

Dr. Jeffrey Hall performed a colonoscopy on Hellen Nash, at which time he found a cancerous mass. Three days later he performed a surgery to remove the mass, but allegedly failed to remove all of the cancerous tissue. As a result, Nash allegedly developed complications and had to undergo additional medical and surgical procedures.

Nash brought a medical malpractice action against Hall in federal district court for the Eastern District of Arkansas. Four months later, Hall filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Arizona. He did not list Nash as a creditor with a contingent claim, nor did he reveal the existence of Nash's pending litigation in his sworn statement of financial affairs. As a consequence, Nash did not receive notice of the bankruptcy action. The bankruptcy trustee identified the filing as a "no asset" case and thus no deadline was set for filing claims against the bankruptcy estate. Hall obtained a general discharge of his debts pursuant to 11 U.S.C. § 727. The Arizona bankruptcy proceeding closed on June 7, 2006.

Nash died on June 1, 2006. After Mary Waterson, administratrix of Nash's estate, was substituted as a plaintiff in the medical malpractice action, she filed an amended complaint to add a claim for wrongful death. Hall filed an answer to the amended complaint, as well as a motion to stay, pleading his bankruptcy discharge as a defense. Waterson opposed the stay contending her contingent debt was excepted from discharge under 11 U.S.C. § 523(a)(3)[1] because it was neither listed nor

_____

[1]11 U.S.C. § 523(a)(3) provides in relevant part:

A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . neither listed nor scheduled . . . in time to permit . . . if such debt is not of the kind specified in paragraph (2), (4),

scheduled in the bankruptcy proceeding, and Nash did not receive notice of the bankruptcy proceeding before it was closed.

Hall responded arguing Nash's lack of notice was immaterial because the bankruptcy estate had no assets to distribute, and thus Nash suffered no prejudice by not receiving notice of the bankruptcy. Hall indicated he did not list Nash's lawsuit in the bankruptcy proceeding because he believed his malpractice carrier's duty to indemnify him "had the effect of eliminating [Nash] as a creditor for bankruptcy purposes." Significantly, the pleading Hall filed in district court states "Jeffrey Hall and his insurer admit that the bankruptcy has no effect on the plaintiff's ability to seek recovery from the liability insurance proceeds. Defendant does not object to an order granting relief from the stay to allow plaintiff to proceed to the extent of any liability insurance proceeds." Jt. App. 88.

Despite Hall's concession that Waterson was entitled to limited relief from the stay to pursue his liability insurance proceeds, the district court entered an order which granted the motion for a stay in its entirety. The district court did so on the ground Nash's lack of notice of the bankruptcy proceeding did not prejudice her because the bankruptcy was a "no asset" case with nothing to distribute even if a claim had been filed.

Ten days later, Waterson filed a motion for clarification of the district court's order, asking whether the stay was temporary or permanent. Before the district court ruled on the clarification motion, however, Waterson filed an appeal of the original order granting the stay. The district court subsequently addressed the clarification motion, stating the "stay is permanent . . . [u]nless plaintiff is able to provide authority to the contrary." The district court further indicated "[t]he Court will grant plaintiff

or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such filing.

leave to file an amended complaint if she wishes to proceed with this action. Should plaintiff take no action with (sic) twenty days of the date of this Order, the Court will dismiss this action." Although twenty days have now passed since the district court entered the clarification order, the district court docket sheet does not indicate the action has ever been dismissed.

Waterson also filed an appeal of the clarification order. The two appeals were consolidated for argument. Waterson urges us to reverse the district court's orders entering a permanent stay of her medical malpractice action contending her claim was not discharged in Hall's bankruptcy because of her lack of notice and the fact the claim was not listed or scheduled as a contingent debt. Waterson also contends the permanent nature of the stay effectively terminates her case against Hall in its entirety. Noting Hall's concession in the district court, Waterson argues she should be allowed to proceed with litigation against Hall at least to the extent of his liability coverage.

In response, Hall challenges our appellate jurisdiction contending the orders appealed from were not final appealable orders because the second clarification order left open the possibility Waterson could file an amended complaint. Assuming we have jurisdiction, Hall further contends 1) the "no asset" nature of the bankruptcy proceeding renders immaterial the fact that Waterson did not receive notice of the bankruptcy, and 2) his general discharge under 11 U.S.C. § 727 bars Waterson's claim and her attempts to proceed with any litigation against him.[2] Finally, Hall contends the permanent nature of the stay was appropriate because Waterson did not limit her claim against him solely to his liability coverage, and Waterson's arguments with respect to that alleged error should be considered waived on appeal.

---

[2]See 11 U.S.C. § 524(a)(2); In re Hensler, 248 B.R. 488, 491 (Bankr. D.N.J. 2000) ("Section 524 of the Bankruptcy Code both (1) voids any judgment of any court that violates the bankruptcy discharge, and (2) operates as an injunction against the continuation or commencement of an action to collect any discharged debt.").

-4-

## II

We first address the challenge to our appellate jurisdiction. Hall contends we lack jurisdiction because the clarification order is not a final, appealable order. The district court, however, entered the clarification order after Waterson had filed a notice of appeal challenging the initial stay order. Under such circumstances, the district court lacks jurisdiction to enter a subsequent order regarding aspects of the case involved on appeal, Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007), unless the initial order is not itself a final, appealable order. See State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir. 1999) ("To prevent parties from using frivolous appeals to delay or interrupt proceedings in the district court, that court does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order."). Thus, before we can review Hall's challenge to the clarification order, we must determine whether the initial stay order is a final, appealable order.[3]

"To determine whether the district court meant to end the litigation, we must examine the substance of what the court intended." Boushel v. Toro Co., 985 F.2d 406, 408 (8th Cir. 1993). "A district court decision is not final, and thus not appealable, unless there is 'some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case.'" Hunt v. Hopkins, 266 F.3d 934, 936 (8th Cir. 2001) (quoting Goodwin v. United States, 67 F.3d 149, 151 (8th Cir. 1995)).

The district court's initial stay order does not clearly and unequivocally terminate Waterson's case. In the order, the district court not only addressed Hall's

---

[3]Although Hall does not rely upon the initial order to challenge our appellate jurisdiction, we our obligated to raise the issue on our own. See James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 834 (8th Cir. 2005) (discussing the court's obligation to raise the issue of jurisdiction sua sponte).

request for a stay, but also a motion in limine concerning a dispute about expert testimony. The district court denied the motion in limine "without prejudice to renew" it at a later time when the court would "be in a better position to determine [the testimony's] admissibility when it is proffered." The district court also denied a motion to transfer the venue of the action. The district court would not have taken action on the motion in limine, or the motion to transfer venue, if it believed that by granting the stay it was permanently terminating Waterson's litigation. In addition, it is significant the district court docket sheet does not reflect an order actually dismissing Waterson's case, or an order for judgment. Thus, this action remains pending in the district court even today. Accordingly, we conclude the initial stay order was not appealable, and the district court retained jurisdiction to enter the clarification order.

Moving our attention to the clarification order, we agree with Hall's contention the order is not appealable because it left open the possibility Waterson could file an amended complaint. See Hunt v. Hopkins, 266 F.3d at 936 ("[A] dismissal order is presumptively final when the district court does not explicitly grant the plaintiff leave to amend his complaint. This presumption of finality erodes, however, when the district court clearly manifests an intention to permit the plaintiff's action to continue once new pleadings are filed." (internal citation omitted)). In addition, although the clarification order states the stay is permanent, the district court immediately qualified that statement by saying "[u]nless plaintiff is able to provide authority to the contrary." This indicates the district court would have considered the stay temporary upon Waterson providing authority to that effect.

Waterson nevertheless contends the stay was permanent and unqualified because the clarification order was "the practical equivalent of an order dismissing the case," Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 713 (1996), and thus should be treated the same as an order of dismissal. To determine whether such is the case, we find it necessary to conduct a cursory examination of the merits of the claims

raised on appeal. After doing so, we disagree the district court's order granting a stay was the practical equivalent of an order dismissing the case.

Although Hall's bankruptcy proceeding was identified as a "no asset" case in bankruptcy court and by the district court, it was not. The liability policy covering Hall qualifies as an asset of the bankruptcy estate. Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.), 837 F.2d 325, 329 (8th Cir. 1988); see also In re Shondel, 950 F.2d 1301, 1305 (7th Cir. 1991) ("The dominant view is that insurance policies that provide coverage for the debtor's liability are property of the debtor's estate."). Thus, Hall's bankruptcy proceeding actually involves an undisclosed creditor (Nash/Waterson) and an undisclosed asset (Hall's insurance policy).

As a consequence, we doubt whether the discharge Hall received in bankruptcy even applies to Waterson's claim. Under 11 U.S.C. § 523(a)(3), a discharge does not apply to claims neither listed nor scheduled in the bankruptcy, and Waterson's claim was not listed or scheduled. Every case Hall cites in support of his contention that Waterson was not prejudiced by the lack of notice is truly a "no asset" case. See, e.g., Zirnhelt v. Madaj (In re Madaj), 149 F.3d 467, 468-69 (6th Cir. 1998); Beezley v. Cal. Land Title Co. (In re Beezley), 994 F.2d 1433, 1434 (9th Cir. 1992). These cases do not apply in a situation where there is an undisclosed asset in the form of an insurance policy. Cf. Houston v. Edgeworth (In re Edgeworth), 993 F.2d 51, 53 (5th Cir. 1993) (holding a § 727 discharge does not apply to a lawsuit brought to collect a judgment solely to proceed against a malpractice liability policy "because 11 U.S.C. § 524(e) excludes the liability insurance carrier from the protection of bankruptcy discharge").

The lack of finality expressed in the district court's order also leaves open the possibility the district court contemplated Waterson would seek to reopen Hall's Arizona bankruptcy proceeding "for cause" pursuant to 11 U.S.C. § 350(b), modify the discharge, and then return to the district court in Arkansas to pursue the medical

malpractice action.  See, e.g., Hendrix v. Page (In re Hendrix), 986 F.2d 195, 197-98 (7th Cir. 1993) (discussing the situation of an undisclosed liability policy and the creditor's right to reopen the bankruptcy proceeding and citing the "nearly unanimous" cases which recognize a bankruptcy stay does not apply "to a suit only nominally against the debtor because the only relief sought is against his insurer").

Because we lack jurisdiction over this appeal, we express no opinion on whether interests of comity require Waterson to reopen the Arizona bankruptcy proceeding to "fix" the erroneous "no asset" designation, or whether the literal language of § 523(a)(3) allows Waterson to pursue Hall to the extent of his liability proceeds without having to reopen the bankruptcy proceeding.

We dismiss these appeals for lack of appellate jurisdiction, and return the case to the district court for further proceedings.

_____