NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0086n.06

No. 13-5469

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jan 30, 2014

DEBORAH S. HUNT, Clerk

DIANE MAURIELLO, )
)
    Plaintiff-Appellant, )
)
        v. )
)
GREAT AMERICAN E AND S INSURANCE )
COMPANY, )
)
    Defendant-Appellee. )
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

BEFORE: BATCHELDER, Chief Judge, and GRIFFIN, Circuit Judges; and BELL, District Judge.[*]

GRIFFIN, Circuit Judge.

In general, before the adjudication of liability, Tennessee law does not permit a tort victim to directly sue an alleged tortfeasor's insurer. The sole issue in this case is whether there is an exception to Tennessee's general prohibition against such so-called "direct actions" where the putative tortfeasor enters bankruptcy proceedings while the tort victim's lawsuit against it is pending, thereby triggering the automatic stay before the tort victim obtains a judgment. We hold that there is not. Because there remains an adequate remedy notwithstanding the automatic stay to procure a judgment against an alleged tortfeasor who enters bankruptcy, there is no need for us to craft out of whole cloth a Tennessee state law exception to its well-established doctrine precluding

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

direct actions.  The magistrate judge[1] was correct to enter summary judgment in defendant's favor.

I.

The germane facts are not disputed.  In 2005, Diane Mauriello purchased title to certain real property from Villages at Norris Lake, LLC ("Villages"), an affiliate of Land Resource Companies, LLC ("LRC").  After discovering certain inadequacies related to the sale of the property, Mauriello sued Villages and LRC in federal district court, alleging various theories of fraud.  Before the lawsuit was resolved, however, Villages and LRC filed for bankruptcy protection, triggering an automatic stay of Mauriello's pending lawsuit.

Mauriello subsequently filed a motion in the bankruptcy court, requesting relief from the automatic stay to allow her to pursue her fraud action against Villages and LRC.  The trustee objected to Mauriello's motion, but the bankruptcy court granted the motion in part and allowed Mauriello to proceed in her fraud action, but "only if there is available insurance."  The bankruptcy court further directed that Mauriello "shall not obtain *in personam relief* against the debtor [Villages and LRC] but rather shall only obtain *in rem relief* against the Debtor to the extent of available insurance."  *See In re Land Resource, LLC*, 6:08-bk-10159-ABB (Bankr. M.D. Fla. Jan. 26, 2010) (emphasis added).

---

[1]The parties consented to the exercise of jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c).

Mauriello subsequently discovered evidence that defendant Great American E & S Insurance Company ("Great American") insured Villages and LRC during the pertinent time period with various professional liability insurance policies but had not defended either entity against Mauriello's fraud lawsuit. However, Mauriello voluntarily dismissed her fraud action against Villages and LRC in March 2011, without having obtained a judgment against either of them. Several months later, Mauriello filed suit against Great American in Tennessee state court, alleging that she was "an intended third party beneficiary to the insurance contracts" between Great American and Villages and LRC. Mauriello demanded a declaration that Great American had a duty to defend and indemnify Villages and LRC for the claims that Mauriello had asserted against them in the now-dismissed fraud suit and sought damages from Great American on the underlying claims.

Great American removed Mauriello's state court action to the federal district court on the basis of diversity jurisdiction and filed a motion for summary judgment. Ultimately, the presiding magistrate judge agreed with Great American that, under Tennessee law, Mauriello was not an intended third-party beneficiary to the insurance contracts. The magistrate judge further noted that, even if Mauriello was an intended third-party beneficiary and thus could maintain a direct action against Great American, she could not succeed on the merits of her action as a matter of law. After all, the pertinent insurance policies required coverage only if the insured was "legally obligated" to pay damages and Mauriello had not yet obtained any judgment against Villages or LRC. Thereafter, the magistrate judge entered summary judgment in favor of Great American. Mauriello appeals.

II.

Mauriello concedes on appeal (1) that, in general, Tennessee law does not permit direct actions by tort victims against an alleged tortfeasor's insurer, and (2) that she never obtained a judgment against either Villages or LRC, which would ordinarily preclude her recovery in any such direct action, even if she was permitted to bring one. *See Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42, 52–58 (Tenn. Ct. App. 2006). Nevertheless, she asserts that we should recognize a Tennessee state law exception to both of these defects in her position in order to accommodate the unique exigencies of the bankruptcy process and the automatic stay. Mauriello therefore contends that the magistrate judge erred in ruling that her claim against Great American was barred as a matter of law.

Reviewing the lower court's summary judgment determination de novo, *see Keith v. Cnty. of Oakland*, 703 F.3d 918, 923 (6th Cir. 2013), we disagree with Mauriello's position that, as a matter of Tennessee law, an alleged tortfeasor's pre-judgment bankruptcy filing permits a tort victim to dispense with the need to procure a judgment against the alleged tortfeasor before pursuing remedies against the putative tortfeasor's insurer. Tellingly, Mauriello cites no Tennessee authority in support of her position.

And although Mauriello asserts that the automatic stay "robbed" her of the chance to procure a judgment in her federal fraud suit against Villages or LRC, it is clear that the bankruptcy proceedings did no such thing. Mauriello's circumstances are not unique, and parties in her situation

typically request relief from the automatic stay to the extent of available insurance and proceed against the debtor as a nominal defendant for the purpose of establishing the debtor's liability. *See, e.g.*, *Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1024 (5th Cir. 2012); *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991); *In re Charter Co.*, 876 F.2d 861, 864 (11th Cir. 1989); *In re Jet Florida Sys., Inc.*, 883 F.2d 970, 975 (11th Cir. 1989); *In re White Motor Credit*, 761 F.2d 270, 273 (6th Cir. 1985); *Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982). Further, it is "well settled" that a tort victim may sue a debtor as a nominal defendant after the debtor is discharged from bankruptcy, as long as the suit is purposed solely to establish the debtor's liability in order to effect recovery from an insurer. *In re Rodgers*, 266 B.R. 834, 836 (Bankr. W.D. Tenn. 2001) (citing cases). This approach is grounded in the rationale that "it makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge." *Matter of Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993). *See also In re Paul*, 534 F.3d 1303, 1307 (10th Cir. 2008); *Waterson v. Hall*, 515 F.3d 852, 856 (8th Cir. 2008); *Matter of Hendrix*, 986 F.2d 195, 197 (7th Cir. 1993); *Green v. Welsh*, 956 F.2d 30, 33–35 (2d Cir. 1992); *In re Jet Florida Sys., Inc.*, 883 F.2d at 976.

In other words, Mauriello is incorrect to assert that she was entirely precluded from obtaining a judgment against Villages and LRC solely by virtue of the fact that they filed for bankruptcy protection. In fact, the bankruptcy court in this case expressly granted Mauriello's motion and lifted the automatic stay to permit her to obtain relief against Villages and LRC "to the extent of available insurance." If Mauriello believed that the bankruptcy court's order improperly denied the full extent

of the relief she sought by limiting her to *in rem* relief as opposed to *in personam* relief, she could have appealed the denial of her motion. *See In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989) (noting that denial of a motion for relief from the automatic stay is a final, appealable order); *see also In re Elliott*, 214 B.R. 148, 149 (B.A.P. 6th Cir. 1997) (same). But instead of appealing the bankruptcy court's order, Mauriello now attempts to circumvent it collaterally by asking this court to rewrite Tennessee state law. We decline to do so.

III.

For these reasons, we affirm the judgment of the district court.