# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3420
_____

Ernest Lee Johnson,

*Plaintiff - Appellant,*

v.

George A. Lombardi; David Dormire; Terry Russell,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: January 13, 2016
Filed: March 21, 2016

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Ernest Johnson, who is sentenced to death in Missouri, sued the director of the Missouri Department of Corrections and other state officials, alleging that the State's method of execution is unconstitutional under the Eighth Amendment. The district court ruled that Johnson's complaint failed to state a claim upon which relief could be granted, because Johnson "failed to provide any facts establishing an essential element of his claim: that there is a feasible and readily implementable way to execute him."

*Johnson v. Lombardi*, No. 2:15-cv-4237-DGK, 2015 WL 6501083, at \*5 (W.D. Mo. Oct. 27, 2015). The court dismissed the complaint without prejudice and explained that Johnson was free to amend the complaint to remedy deficiencies identified in the court's order. The court observed that the order dismissing Johnson's complaint without prejudice was not a final order subject to appeal. *Id.* (citing *Coniston Corp. v. Vill. of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir. 1988)).

The district court then reasoned, however, that Federal Rule of Civil Procedure 54(b) permits a district court "to certify an order for interlocutory appeal if it 'expressly determines that there is no just reason for delay.'" *Id.* (quoting Fed. R. Civ. P. 54(b)). Because Johnson's execution was scheduled for only seven days hence, and preparation of an amended complaint would "consume some of the precious little time remaining before the execution date," the district court thought there was "a sufficiently compelling reason to permit Johnson to appeal, even though this Order does not finally adjudicate all of his claims." *Id.* The court then provided that its order was "certified" for interlocutory appeal under Rule 54(b). *Id.*

Johnson was not executed on November 3, 2015. The Supreme Court granted a stay of execution pending the disposition of Johnson's appeal to this court. *Johnson v. Lombardi*, 136 S. Ct. 443 (2015) (per curiam). The parties then filed briefs concerning whether Johnson's complaint was properly dismissed for failure to state a claim.

Before addressing the merits of Johnson's appeal, we must consider our jurisdiction. This court has jurisdiction over appeals from "final decisions" of the district court. 28 U.S.C. § 1291. The district court correctly observed that there is generally no final decision for purposes of appellate review when the court dismisses a complaint without prejudice, but does not dismiss the action. *Local 179, United Textile Workers of Am., AFL-CIO v. Fed. Paper Stock Co.*, 461 F.2d 849, 850 (8th Cir. 1972).

Here, the district court dismissed the complaint without prejudice, but made clear that it would permit Johnson to amend his complaint to remedy perceived deficiencies. But for the looming execution, the district court contemplated that Johnson would prepare and file an amended complaint alleging additional facts to support his constitutional claim. As there was no clear manifestation by the district court that its decision on the complaint was the end of the case, the order dismissing the complaint was not final. *See Hunt v. Hopkins*, 266 F.3d 934, 936 (8th Cir. 2001).

The district court sought to achieve finality through invocation of Rule 54(b), but the court's effort to "certify" its decision for appeal under that rule was unsuccessful. Rule 54(b) applies when an action presents more than one claim for relief, or when multiple parties are involved. The rule addresses the appealability of an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. Where the district court enters such an order, the rule permits the court to enter final judgment "as to one or more, but fewer than all, claims or parties," if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b).

Rule 54(b) does not apply to a single-claim action. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-43 (1976). Johnson's complaint brought only a single claim against state officials, alleging that the State's method of execution violated the Eighth Amendment. The district court resolved that single claim by dismissing the complaint without prejudice, but contemplated further proceedings on an amended complaint that the court invited Johnson to file. The district court could not invoke Rule 54(b) to enter a final judgment, or to "certify" its order for immediate appeal, because the court's order did not leave any claims, or the rights of any parties, unadjudicated in a case involving multiple claims or multiple parties.

For these reasons, the district court did not properly enter a final judgment, and we lack jurisdiction over Johnson's appeal. Whatever the validity of the district

-3-

court's determination that there was no just reason for delaying an appeal, moreover, the reasons given by the court are inapplicable after the Supreme Court's order granting a stay of execution. Johnson has had ample time to prepare an amended complaint. The State has not established a new execution date, and Johnson is free to move for leave to amend his complaint without the pressure of a scheduled execution.

The appeal is dismissed.

_____