# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2830

_____

Judy K. Jones

*Plaintiff - Appellant*

v.

Custer County, a political subdivision, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: October 10, 2019
Filed: October 29, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

After the Custer County Attorney's Office dismissed criminal charges against her, Judy K. Jones brought this damage action against the County, the Nebraska State Patrol, and several of their employees, asserting 42 U.S.C. § 1983 claims for reckless investigation, manufactured false evidence, and civil conspiracy. On August 3, 2018, the district court entered a Memorandum and Order dismissing the reckless

investigation claim with prejudice and the other claims without prejudice. The Order provided that, if Jones did not file a second amended complaint on or before August 10, 2018, "this action will be dismissed, with prejudice." Jones did not timely file a second amended complaint. Instead, she filed a notice of appeal on August 23, before the entry of final judgment. See Fed. R. Civ. P. 58. The district court docket entries reflect that the Clerk's Office, rather than entering judgment pursuant to Rule 58(b)(1)(C), docketed this as an interlocutory appeal and, over a year later, reassigned the case to another district judge.

Although the parties have now fully briefed the appeal, we must consider *sua sponte* our possible lack of appellate jurisdiction. Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006). "With a few notable exceptions, our jurisdiction is limited to appeals from 'final decisions of the district courts.' . . . To be final, an order or judgment must reflect some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as the court is concerned, is the end of the case." Reinholdson v. Minnesota, 346 F.3d 847, 849 (8th Cir. 2003) (quoting 28 U.S.C. § 1291). If ambiguity exists, "we at least have appellate jurisdiction to construe" the district court's order and can remand if it "will not be ripe for appeal until a final judgment has been rendered." Id. at 850-51.

A dismissal order is presumptively final, but we have held that a dismissal order is not final and appealable when the district court expressly grants the dismissed party leave to amend. See Sapp v. City of Brooklyn Park, 825 F.3d 931, 934 (8th Cir. 2016). Several other circuits have held that a party granted leave to amend may appeal despite the absence of a final judgment upon expiration of the time allowed for amendment. Id. Though we have not considered this precise issue, our decisions favor "a bright-line approach [which] requires only a modicum of diligence by the parties and the district court, avoids uncertainty, and provides for a final look before the arduous appellate process commences." Id. at 935 (quotation omitted).

Here, the district court clerk recorded the notice of appeal as interlocutory, despite expiration of the time granted by the district court for leave to amend. Jones filed the appeal without obtaining the entry of final judgment, and the case has been reassigned to a new district judge. These are strong indications the case remains pending in the district court. Nonetheless, both parties have fully briefed Jones's appeal on the merits, suggesting their belief (or assumption) that we have jurisdiction to review a final order. In these ambiguous circumstances, we will remand the case to the district court for the limited purpose of clarifying our appellate jurisdiction. If the court enters a final judgment *nunc pro tunc* based on the August 3, 2018 Order, we will retain jurisdiction over the fully briefed appeal. If the court elects not to enter final judgment consistent with the August 3 Order, we will dismiss the appeal for lack of jurisdiction.

———————————————