NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES BENNETT,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1674

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00694-EMR, Judge Eleni M. Roumel.

---

Decided: May 6, 2026

---

JAMES BENNETT, Rancho Santa Fe, CA, pro se.

KELLY PALAMAR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by GEOFFREY M. LONG, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

PER CURIAM.

James Bennett appeals a decision by the Court of Federal Claims ("Claims Court") dismissing his Amended Complaint. After Mr. Bennett's Amended Complaint was dismissed, he filed a motion for reconsideration. The Claims Court granted Mr. Bennett's motion for reconsideration, struck its previous opinion dismissing the Amended Complaint, and provided leave to amend. Before the date specified for amendment expired, Mr. Bennett appealed. We conclude that Mr. Bennett did not appeal a final judgment and that we therefore lack jurisdiction, and we *dismiss* the appeal.

BACKGROUND

Mr. Bennett was convicted of fraud on October 10, 2006, and incarcerated in a federal penitentiary. On August 1, 2023, Mr. Bennett filed an Amended Complaint against the United States alleging various causes of action related to his contraction of tuberculosis during his incarceration and the government's alleged failure to distribute the amount that Mr. Bennett paid in restitution to his victims. On August 15, 2023, the United States moved to dismiss the Amended Complaint pursuant to Rules of the Court of Federal Claims 12(b)(1) and 12(b)(6). On February 9, 2024, the Claims Court granted the United States' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, holding that the court lacked jurisdiction over the tort claims and that the restitution claim was time-barred, and entered judgment accordingly.

On March 8, 2024, Mr. Bennett filed a motion for reconsideration alleging that the Claims Court failed to consider certain documents appended to his Amended Complaint that allegedly show, among other things, that

his restitution claim was timely.[1]  On October 31, 2024, the Claims Court granted Mr. Bennett's motion for reconsideration, ordered Mr. Bennett to file a Second Amended Complaint by November 22, 2024, and directed the Clerk of Court to strike the court's previous order dismissing the Complaint and to vacate the judgment.  On November 26, 2024, the Claims Court consolidated Mr. Bennett's case with another action and directed him to file a Consolidated Amended Complaint by December 16, 2024.  Mr. Bennett did not file a Consolidated Amended Complaint by this deadline.  On December 23, 2024, the Claims Court again directed Mr. Bennett to file his Consolidated Amended Complaint and extended the deadline for filing to January 10, 2025.  Before that extended deadline passed, and without filing a Consolidated Amended Complaint, Mr. Bennett filed a notice of appeal on December 30, 2024.

## DISCUSSION

"[E]very federal appellate court has a special obligation to 'satisfy itself . . . of its own jurisdiction[] . . . .'" *Merritt v. Wilkie*, 965 F.3d 1357, 1360 (Fed. Cir. 2020) (alterations in original) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  We have jurisdiction over "an appeal from a *final decision* of the [Claims Court]."  28 U.S.C. § 1295(a)(3) (emphasis added). A final decision is one which "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

---

[1]    While this motion was pending, Mr. Bennett filed a notice of appeal.  This court issued an order deactivating his appeal because it was premature.  Fed. R. App. P. 4(a)(4)(A).

The United States argues that we lack jurisdiction over Mr. Bennett's appeal because the Claims Court granted leave to file an amended complaint. We agree.

In *Jung v. K. & D. Min. Co.*, 356 U.S. 335 (1958), the Supreme Court held that an order leaving in place the dismissal of a complaint but granting leave to amend is not an appealable final order. *Id.* at 336–37. Our sister circuits have developed different rules establishing when a plaintiff can stand on its original complaint and appeal when the district court has granted leave to amend. Some circuits require a plaintiff to indicate the intention to stand on the complaint and to request that the district court issue a final judgment dismissing the case without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 796–98 (4th Cir. 2022) (en banc); *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Sapp v. City of Brooklyn Park*, 825 F.3d 931, 934–935 (8th Cir. 2016); *Moya v. Schollenbarger*, 465 F.3d 444, 451 (10th Cir. 2006); *Richards v. Dunne*, 325 F.2d 155, 156 (1st Cir. 1963). Other circuits have held that an order of dismissal with leave to amend becomes final automatically when the time granted for amendment has passed. *See Amaker v. Annucci,* 721 F. App'x 82, 83 (2d Cir. 2018); *Otis v. City of Chicago*, 29 F.3d 1159, 1168 (7th Cir. 1994) (en banc); *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986). Still others allow a district court's order of dismissal with leave to amend to be treated as final, if the order indicates that the dismissal will become final upon expiration of the deadline set to amend the complaint. *See Weber v. McGrogan*, 939 F.3d 232, 238–40 (3d Cir. 2019); *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020).

Under any of these standards, we lack jurisdiction over Mr. Bennett's appeal. Mr. Bennett did not indicate his intention to stand on his Amended Complaint or request that the Claims Court take further action before he filed his notice of appeal. Nor when Mr. Bennett filed

his appeal had the time for amendment expired. And the Claims Court did not indicate its intention that its dismissal would automatically ripen into a final judgment if Mr. Bennett did not file a Consolidated Amended Complaint.

Mr. Bennett argues that the disposition of a motion for reconsideration restores the finality of the original judgment under *Banister v. Davis*, 590 U.S. 504, 508 (2020). But here, the Claims Court granted Mr. Bennett's motion for reconsideration and vacated its previous judgment. Under these circumstances, there is no final judgment.

## CONCLUSION

Because Mr. Bennett did not appeal a final judgment, we lack jurisdiction over his appeal.

## **DISMISSED**

### COSTS

No costs.